IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOCHEN MUELLER, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 1:24-cv-1420-CDA |
| MOOJI MEATS INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reopen this case after the Court dismissed it pursuant to Local Rule 111. (ECF 19.) Plaintiff filed this action on May 15, 2024, alleging violations of federal and state employment laws. (ECF 1.) Defendants waived service of summons in August 2024. (ECF 8.) Defendants never filed either an answer to the Complaint or a responsive pleading provided by Federal Rule of Civil Procedure 12. On April 1, 2025, the Court issued an order identifying Defendants' failure to respond and directing Plaintiff to, within 30 days, either seek default judgment or advise why that would not be appropriate. (ECF 9.) On May 6, 2025, in response to the Court's inquiry, Plaintiff advised that the parties reached a settlement and sought additional time to comply with the April 1 order. (ECF 10.) On May 7, 2025, the Court granted Plaintiff's request and extended the deadline for Plaintiff to take further action, i.e., moving for default and default judgment or filing voluntary dismissal. (ECF 11.)

Despite the expectation of settlement and request for additional time to finalize it, Plaintiff moved for default on June 6, 2025. (ECF 12.) The Clerk of Court entered

default against Defendants on June 11. (ECFs 13-15.) In a turn of events, defense counsel entered an appearance on the docket and filed a Notice of Settlement less than three weeks later, on June 27, 2025. (ECFs 16-17.) On June 30, the Court entered a settlement order dismissing this matter pursuant to Local Rule 111 (the "Rule 111 Order"). (ECF 18.) Consistent with the Court's custom and practice, the Rule 111 Order (1) dismissed the matter, (2) permitted either party to move to reopen the case for good cause within thirty days "if settlement is not consummated," and (3) made dismissal with prejudice if neither party moved to reopen. (*Id.*) Twenty-nine days later, Plaintiff filed the pending Motion to Reopen Case because the parties never consummated the anticipated settlement. (ECF 19.) Plaintiff explains that counsel discussed settlement terms and draft proposals that were never "approved" by Defendants, despite Plaintiff's counsel's follow-up inquiries about whether the terms were ever "approved" or "firm." (ECF 19 at 1-2.) More than a month later,[1] on September 3, 2025, Defendants filed a two-sentence opposition asserting that the parties "are actively in settlement discussions" and court intervention is unnecessary. (ECF 20.)

The Court finds good cause to reopen. Based on the language of Local Rule 111 and the Court's order, the absence of a settlement is sufficient to justify reopening the case. It appears undisputed there is no settlement. Plaintiff's Motion makes clear his position on the lack of mutual assent to the discussed proposals and terms. Defendants note that discussions are "active[]"—almost six weeks after Plaintiff filed his Motion— without any indication that settlement is imminent (or otherwise disputing Plaintiff's representations that Defendants have not, despite multiple inquiries, committed to a

---

[1] This is untimely. Unless otherwise ordered, oppositions are due fourteen days after the relevant motion. Loc. R. 105.2.a (D. Md. 2025).

firm offer to settle). Moreover, Defendants do not respond to Plaintiff's assertion that Defendants' actions demonstrate the absence of mutual assent to the "unapproved" proposals the parties have exchanged. Nowhere in their filing do Defendants undermine Plaintiff's asserted good cause—the absence of settlement. Therefore, consistent with other judges in this District, the Court finds that timely notice of the lack of a settlement provides good cause to reopen a case dismissed pursuant to Local Rule 111. *See* Order, *Ryan v. Mayorkas*, No. 23-1364-LKG (D. Md. Aug. 15, 2025), ECF 57 (vacating a Local Rule 111 dismissal order and reopening the case after being advised that the "parties [we]re not able to consummate the settlement" tentatively reached during court-assisted mediation); *Rigney v. CyberPoint3 Holdings, LLC*, No. 23-1420-GLR, 2024 WL 3729110, at *6 (D. Md. Aug. 8, 2024) ("There is no daylight between 'good cause' and 'the settlement is not consummated.'").

The Court emphasizes that reopening the case now is not merely an administrative act. It may be that the Defendants' suggestion—that the parties can resolve without litigation—proves true at some point. But if they do not and the Rule 111 Order remains effective, the consequences could be grave. Because the Rule 111 Order makes dismissal *with prejudice* absent a timely motion to reopen, Plaintiff loses the ability to pursue his claims if the Court denies the Motion and the parties never reach an agreement. There appears to have been at least two instances where the anticipated settlement did not occur as anticipated: first, in May and early June, when Plaintiff moved for default rather than dismissal, despite the expectation for almost two months than the parties had settled; and second, in the last two months, when the settlement was not consummated within the time provided by the Rule 111 Order. A third failure could doom Plaintiff's ability to pursue relief despite its efforts to resolve without

litigation. Therefore, while lack of settlement is sufficient on its own to grant relief, the ramifications of denial and Plaintiff's timely efforts to preserve its rights and comply with the Court's orders further support good cause.

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Reopen (ECF 19) is **GRANTED**; it is further

**ORDERED** that the Settlement Order (ECF 18) is **VACATED**; and it is further

**ORDERED** that counsel for the parties confer and provide the Court, via e-mail and within seven (7) days of this Order, three dates by September 30, 2025 that they are available for an in-person status conference discuss this matter, including an appropriate schedule for motions practice or other matters.

The Clerk of Court is DIRECTED to reopen this matter and place it on the active docket.

Date: September 5, 2025

_____/S/_____
Charles D. Austin
United States Magistrate Judge